IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DONALD EUBANKS, GD-4748,  )
    Petitioner,  )
  )
    v.  ) 2:14-CV-1122
  )
J.A. ECKARD, et al.,  )
    Respondents.  )

MEMORANDUM and ORDER

Mitchell, M.J.:

    Presently before the Court for disposition is respondents' Motion to Dismiss (ECF 12). For the reasons set forth below, the motion will be granted.

    Donald Eubanks, an inmate at the State Correctional Institution - Huntingdon has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis.

    Eubanks is presently serving a 23 ½ to 47 year sentence imposed on March 14, 2005 following his conviction by a jury of attempted homicide, aggravated assault, uniform firearms violation, and receiving stolen property at Nos. CC 200312702 and CC 200313469 in the Court of Common Pleas of Allegheny County, Pennsylvania.[1] An appeal was taken to the Superior Court which affirmed the judgment of sentence on November 15, 2005.[2] Leave to appeal to the Pennsylvania Supreme Court was denied on July 7, 2006.[3]

    A timely post-conviction petition was filed on March 8, 2007 and denied on August 22, 2008.[4] No appeal was pursued. Eubanks filed a second post-conviction petition on January 7, 2010 which was dismissed on February 26, 2010.[5] No appeal was taken. Petitioner filed a third post-conviction petition on May 4, 2011 which was dismissed July 20, 2011.[6] An appeal was

---

[1] See: Petition at ¶¶ 1-6.
[2] See: Exhibit 3 to the motion.
[3] See: Exhibits 1a and 1b to the motion.
[4] Id.
[5] Id..
[6] Id.

taken to the Superior Court which affirmed the dismissal on February 17, 2012.[7] Not to be deterred, Eubanks filed a fourth post-conviction petition on January 16, 2013. That petition was dismissed on February 13, 2013 as time barred.[8] An appeal was taken to the Superior Court which affirmed the dismissal as untimely on November 12, 2013[9] and a petition for allowance of appeal was denied on June 4, 2014.[10]

In the instant petition executed on August 18, 2014, Eubanks contends he is entitled to relief on the following grounds:

1. The expert who performed the test(s) on the evidence collected at the crime scene, and issued a report of her findings did not testify as to her findings, therefore denying petitioner's right to confront the witness against [him] as well as [to] cross examine the witness as to [her] findings.

2. Newly discovered evidence in that petitioner was approached by an individual who actually witnessed the crime that petitioner was alleged to have committed. The witness came forth and provided the court with the name of the individual who committed the crime in the form of an affidavit.

3. The evidence was insufficient in that during cross examination Officer Jeffrey Francis testified that he was not shot in the hand, but cut which was possibly produced by the gunslide on his gun. The other officer involved stated that …it was a combination and confusion where he assumed that the petitioner shot in his direction at least twelve times (as many times as him). The court did not satisfy the three elements that ha[ve] to be proven beyond a reasonable doubt.

4. Ineffective assistance of counsel who entered into a stipulation with the prosecution without consulting petitioner of this very prejudicial action where counsel stipulated to the findings of the crime lab reports without investigating them.[11]

The Commonwealth now moves to dismiss the instant petition as untimely.

It is provided in 28 U.S.C. § 2244(d)(1) and (d)(2) that:

(1) A 1-year period of limitation shall apply to the application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

---

[7] See: Exhibit 4 to the motion.
[8] See: Exhibit 6 to the motion.
[9] Id.
[10] See: Exhibit 5 to the motion.
[11] See: Petition at ¶12.

(A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

An untimely post-conviction petition is not "properly filed". Pace v. DiGulglielmo, 544 U.S. 408 (2005). [12]

In the instant case, leave to appeal to the Pennsylvania Supreme Court was denied on July 7, 2006, and certiorari was not sought. For this reason Eubank's conviction became final on October 5, 2006 when the time in which to seek such review expired. Gonzalez v. Thaler, 132 S.Ct. 641 (2012). The effective date of the Antiterrorism and Effective Death Penalty Act which imposed the one year statute of limitations is April 24, 1996 and thus it is applicable here. The petitioner did not seek post-conviction relief until March 8, 2007, and the latter petition was denied on August 22, 2008. A second post-conviction petition was filed on January 7, 2010 and dismissed on February 26, 2010. A third post-conviction petition was filed on May 4, 2011 and dismissed on July 20, 2011. A fourth post-conviction petition was filed On January 16, 2013, that petition was dismissed on February 13, 2013 as time barred and the denial of relief was affirmed by the Superior Court on November 12, 2013. The instant petition was executed on August 18, 2014 or almost six years after the initial denial of post-conviction relief which is far in excess of the one year period in which to seek relief has expired, and the petition here is time barred.

An exception to the timely filing requirement occurs when a tenable demonstration of actual innocence is made. McQuiggin v. Perkins, 133 S.Ct. 1924 (2013). "Actual innocence"

---

[12] It is provided in 42 Pa.C.S.A. 9545(1) that a timely post-conviction petition must be filed within one year of the date on which the conviction becomes final.

means in light of the new evidence no reasonable juror could have found guilt beyond a reasonable doubt. Id. In an effort to make such a showing, Eubanks has presented as newly discovered evidence an unsworn declaration from Steven Bundridge dated January 13, 2014 in which he sets forth:

> I, Steven Bundridge, do state the following to be a correct and true account of the events as I witnessed on June 21, 2003, at about 2:00 am, while walking my girlfriend (who does not want to be named) home down Main Street in the Carnegie section of Pittsburgh. I heard several gunshots, coming from behind us. As I turned around to see what was happening, I saw David Wright running towards us. I froze, because he had a gun in his hand and I did not know if he was shooting at us or not. I did not say anything to him, since I did not want him to shoot me or my girlfriend, but instead he just looked at us and ran between two buildings…
>
> I am coming forward now, after I was informed that an acquaintance knows the person who was serving time for the crime committed by David Wright, who I am certain was the individual I saw that early morning.

ECF 14-1122, Document 12-2 p.21.

Even accepting as true the matters set forth in the Bundridge declaration, it fails to make any showing of actual innocence but merely establishes that he observed Wright running from the crime scene in possession of a gun, but it has no exonerating contents regarding Eubanks. In addition, the lapse of time between the incident and Bundridge's declaration executed over ten years after the event, also raises a question as to its value. Schlup v. Delo, 513 U.S. 298, 332 (1995) (" the court may consider how the timing of the submission and the likely credibility of the affiants bear on the probable reliability of that evidence").

Thus, Eubanks has failed to make a credible showing of actual innocence warranting equitable tolling of the statute nor has he demonstrated any other grounds for invoking tolling, and for this reason his claim here is untimely and does not provide a basis for relief. Accordingly, the motion to dismiss the petition of Donald Eubanks for a writ of habeas corpus will be granted as the petition is time barred and because reasonable jurists could not conclude a basis for appeal exists, a certificate of appealability will be denied.

An appropriate Order will be entered.

ORDER

AND NOW, this 15th day of December, 2014, for the reasons set forth in the foregoing Memorandum, the motion to dismiss the petition of Donald Eubanks for a writ of habeas corpus (ECF 12) is GRANTED and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability is DENIED.

The parties are advised that pursuant to Rule 4(a) F.R.App.P any party desiring to file an appeal must do so within thirty (30) days of this date by mailing a notice of appeal to the Clerk, United States District Court, 700 Grant Street, Pittsburgh, PA 15219-1957.

s/ Robert C. Mitchell
United States Magistrate Judge